I write separately to emphasize one point. While the law recognizes a subtle distinction between liability of a principal based on the application of the law of agency on the one hand and on the application of "respondeat superior" on the other, this distinction rarely arises; for, ordinarily, the same circumstances that give rise to the authority of an agent to bind his principal for tortious conduct also give rise to liability for breach of contract. Here, however, the written contract, delivered by the agent to the alleged insured, by its term restricted the agent's authority to vary the condition of the policy respecting its acceptance or rejection by the insurer. Nonetheless, as the opinion so states, this does not preclude, as a matter of law, the application of the principle of "respondeat superior" so as to hold the insurer liable for the wrongful conduct of its agent while acting within the course and scope of its agent's employment.
MADDOX, J., concurs.